1   Kyra A. Kazantzis (SBN 154612 / kyrak@lawfoundation.org)
    Annette D. Kirkham (SBN 217958 / annettek@lawfoundation.org)
2   Nadia Aziz (SBN 252966 / nadia.aziz@lawfoundation.org)
    Thomas Zito (SBN 304629 / tom.zito@lawfoundation.org)
3   FAIR HOUSING LAW PROJECT a project of the
    LAW FOUNDATION OF SILICON VALLEY
4   Kara E. Brodfuehrer (SBN 258735 / kara.brodfuehrer@lawfoundation.org)
    MENTAL HEALTH ADVOCACY PROJECT a project of the
5   LAW FOUNDATION OF SILICON VALLEY
    152 North Third Street, Third Floor
6   San Jose, California  95112
    Telephone:  (408) 280-2410
7   Facsimile:  (408) 293-0106

8   Jonathan J. Lamberson (SBN 239107 / lamberson@fr.com)
    Emily Petersen Garff (SBN 302308 / petersengarff@fr.com)
9   Holly K. Victorson (SBN 305595 / victorson@fr.com)
    FISH & RICHARDSON P.C.
10  500 Arguello Street, Suite 500
    Redwood City, California 94063
11  Telephone:  (650) 839-5070
    Facsimile:  (650) 839-5071

12

    Attorneys for Plaintiffs
13  THANH HUYNH, et al.

14                  UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
15                       SAN JOSE DIVISION

16   THANH HUYNH; VENUS BENABIDES;          Case No. 5:14-cv-02367 LHK
     RUDY GARCIA; LYNDA GOMES;
17   NICHOLAS WALLACE, a minor, by his      **PLAINTIFFS' REPLY IN SUPPORT OF**
     guardian ad litem, LYNDA GOMES; LILLIE **THEIR MOTION FOR SUMMARY**
18   WARE; STEPHEN JONES, a minor, by his   **JUDGMENT**
     guardian ad litem, LILLIE WARE; DEHAB
19   HAILE; and FREIHIWET TESFAMARIAM, on   Date:  April 14, 2016
     behalf of themselves and all others similarly Time:  1:30 p.m.
20   situated,                              Place:  Courtroom 8, Fourth Floor

21              Plaintiffs,                 United States District Court Judge
                                            Lucy H. Koh
22        v.

23   KATHERINE HARASZ, in her official capacity
     as Executive Director of the HOUSING
24   AUTHORITY OF THE COUNTY OF SANTA
     CLARA; HOUSING AUTHORITY OF THE
25   COUNTY OF SANTA CLARA, and DOES 1
     through 20, inclusive,

26
                Defendants.
27

28

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ....................................................................................... 1

II.    DEFENDANTS MISCONSTRUE BOTH CASE LAW AND
       PLAINTIFFS' ARGUMENTS IN THEIR OPPOSITION: BY
       REFUSING TO GRANT THE CLASS THEIR REQUESTED
       ACCOMMODATIONS, HACSC DENIES PLAINTIFFS THE EQUAL
       OPPORTUNITY TO ENJOY THE FULL BENEFITS OF THE
       VOUCHER PROGRAM.................................................................................. 1

       A.    Defendants' Interpretation of "Equal Access" Has No Basis in
             Law or Fact. ......................................................................................... 1

       B.    Defendants' Arguments About Fundamental Alteration Are Not
             Grounded in Law and Misinterpret Plaintiffs' Position. ....................... 2

III.   THERE ARE NO DISPUTED MATERIAL FACTS THAT PRECLUDE
       THE FINDING OF SUMMARY JUDGMENT ON LIABILITY
       UNDER ALL CLAIMS ................................................................................ 4

       A.    No Evidence in the Record Indicates That a Case-by-Case
             Analysis is in Fact Performed by HACSC. ........................................... 4

       B.    Defendants' New Summary Spreadsheet Does Not Create A
             Material Dispute of Fact Regarding Whether Defendants'
             Violated the Law with Respect to the Class. ......................................... 7

       C.    Defendants' Discussion of Plaintiffs' Damages Estimates Does
             Not Create a Genuine Dispute of Material Fact...................................... 8

IV.    CONCLUSION ............................................................................................ 9

# TABLE OF AUTHORITIES

CASES                                                                                      PAGE(S)

*Bronk v. Ineichen,*
   54 F.3d 425 (7th Cir.1995)................................................................................6

*Giebeler v. M & B Assocs.,*
   343 F.3d 1143 (9th Cir. 2003)......................................................................2, 6, 7

*Keenan v. Allan,*
   91 F.3d 1275 (9th Cir. 1996)......................................................................6, 7

*Lapid–Laurel, L.L.C. v. Zoning Bd. of Adjustment of Tp. of Scotch,*
   284 F.3d 442 (3d Cir. 2002)............................................................................6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
   475 U.S. 574 (1986)........................................................................................6

*McGary v. City of Portland,*
   386 F.3d 1259 (9th Cir. 2004).........................................................................2

*San Francisco Baykeeper v. W. Bay Sanitary Dist.,*
   791 F. Supp. 2d 719 (N.D. Cal. 2011) ...........................................................7

*Smith & Lee Assocs., Inc. v. City of Taylor, Mich.,*
   102 F.3d 781 (6th Cir. 1996)......................................................................6, 7

*Taylor v. The Hous. Auth. of New Haven,*
   267 F.R.D. 36 (D. Conn. 2010)........................................................................2

*U.S. Airways, Inc. v. Barnett,*
   535 U.S. 391 (2002) ........................................................................................1

*United States v. Cal. Mobile Home Park Mgmt. Co.,*
   29 F.3d 1413 (9th Cir. 1994)...........................................................................4

*Williams v. New York City Housing Authority,*
   879 F. Supp. 2d 328 (E.D.N.Y. 2012) ............................................................3

**STATUTES**

42 U.S.C. § 3604 .................................................................................................................6

**OTHER AUTHORITIES**

24 C.F.R. § 982.402 ...........................................................................................................4

FED. R. CIV. P. 23 ...............................................................................................................8

FED. R. CIV. P. 26 ...............................................................................................................7

FED. R. CIV. P. 37 ...............................................................................................................7

H.R. REP. No. 100-711 (1988) ..........................................................................................6

iii

## I.      INTRODUCTION

Defendants' opposition only confirms the unlawful policies and procedures the Housing Authority of Santa Clara County (HACSC) engages in when allocating subsidies and handling reasonable accommodation requests. The law requires HACSC to make decisions regarding reasonable accommodations on an individualized, case-by-case basis. But undisputed facts show HACSC has not done so, and instead follows a blanket policy of denying requests for a separate bedroom for class members. In doing so, HACSC denies the Plaintiff class an equal opportunity to use and enjoy their dwellings in violation of several Federal and State laws. Because there are no *genuine* disputes of fact, and because the only disputes are purely legal, Plaintiffs ask the Court to rule in their favor and grant summary judgment that Defendants' actions violated the Fair Housing Amendments Act (FHAA), California Fair Employment and Housing Act (FEHA), California Disabled Persons Act (DPA), the Americans with Disabilities Act (ADA), and Section 504 of the Rehabilitation Act. Plaintiffs further ask the Court to grant Plaintiffs' claim for declaratory relief.

## II.     DEFENDANTS MISCONSTRUE BOTH CASE LAW AND PLAINTIFFS' ARGUMENTS IN THEIR OPPOSITION: BY REFUSING TO GRANT THE CLASS THEIR REQUESTED ACCOMMODATIONS, HACSC DENIES PLAINTIFFS THE EQUAL OPPORTUNITY TO ENJOY THE FULL BENEFITS OF THE VOUCHER PROGRAM

### A.      Defendants' Interpretation of "Equal Access" Has No Basis in Law or Fact.

Defendants raise the same legal argument they have made before, that HACSC enables "equal access" to its voucher program but need not provide equal opportunity to use and enjoy the dwellings obtained through that program. This position has been fully addressed and discredited in both Plaintiffs' motion for summary judgment and Plaintiffs' opposition to Defendants' motion for summary judgment. (ECF No. 82 at 21–24; ECF No. 86 at 11–12.) As explained in more detail in those pleadings, this position is contrary to all controlling law. Defendants attempt to read *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002), to stand for the proposition that "the law does not require Defendants to grant preferential treatment to disabled individuals." (ECF No. 85 at 19.) In fact, the Supreme Court held that the plaintiff in that case, Mr. Barnett, should have been accorded preferential treatment—bypassing other employees more senior to him, contrary to company policy, in order meet the objectives of the ADA. *See Barnett*, 535 U.S. at 397–98. Similarly, in

*Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1159 (9th Cir. 2003), the Ninth Circuit held that the Plaintiff, Mr. Giebler, should have been afforded preferential treatment over other rental applicants by waiving the complex's policy against co-signers in order to meet the goals of the FHAA. And in *McGary v. City of Portland*, 386 F.3d 1259, 1271 (9th Cir. 2004), the Ninth Circuit held that the plaintiff, Mr. McGary, should have been given preferential treatment and afforded additional time to clean his yard—time not provided to other Portland residents. These cases, as well as several others dating back decades, demonstrate that in some instances "equal access" is in fact discriminatory, and reasonable accommodation may require changes to facially neutral policies and procedures.

Defendants also mischaracterize Plaintiffs position as requesting "a certain number of bedrooms" as a reasonable accommodation. (ECF No. 85 at 9.) Plaintiffs are not seeking any physical housing from HACSC. In fact, Plaintiffs have sought an increase in their Section 8 voucher allocation to account for the unique needs of their families caused by documented disabilities, a reasonable accommodation that is routinely approved for requests to accommodate, for example, a live-in aide or medical equipment. This is thus a very different request from the one at issue in *Taylor v. The Hous. Auth. of New Haven*, 267 F.R.D. 36, 39 (D. Conn. 2010), a case Defendants rely upon, which involved a request for physical housing.

### B.   Defendants' Arguments About Fundamental Alteration Are Not Grounded in Law and Misinterpret Plaintiffs' Position.

For the first time in its opposition brief, Defendants charge that "[n]ot considering a living area a sleeping area would constitute a fundamental alternation in the nature of the Voucher program." (ECF No. 85 at 10.) Defendants mischaracterize Plaintiffs' argument as requiring "a mandate prohibiting the HACSC from considering a living area a sleeping area when evaluating accommodation requests." (*Id.* at 11.) Plaintiffs do not seek such a mandate, and do not want to replace one blanket policy with another that bans all consideration of voucher holders' unique needs and specific dwellings. Instead, Plaintiffs ask that when a reasonable accommodation request is considered, the same considerations that apply to the allocation of subsidies to all other voucher holders also apply to them. If an extra room is an acceptable accommodation for live-in

2

1   aides and medical equipment, it should also be an option that HACSC considers for other types of

2   disabilities. Similarly, if the living area is to be considered a sleeping area for disabled households,

3   it should also be considered for non-disabled households. Moreover, if HACSC is going to

4   consider the living area as a sleeping area, it should at the very least engage in the analysis

5   required by Federal regulations to ensure that the area is safe and sanitary for sleeping purposes.

6   Any other result forces Plaintiffs' households, and only Plaintiffs' households, to choose from the

7   menu of bad choices outlined in their original motion.

8         Defendants cite to a non-precedential case, *Williams v. New York City Housing Authority*,

9   879 F. Supp. 2d 328 (E.D.N.Y. 2012), to support the blanket proposition that HACSC is not

10  required to grant a reasonable accommodation when it would "require a housing authority to

11  violate its own policies." First, granting Plaintiffs' motion for summary judgment does not require

12  HACSC to violate its own policies—Defendants already have a policy in place requiring

13  reasonable accommodation, and already use that policy to provide additional subsidies in the case

14  of, for example, a live-in aide or medical equipment. (*See* ECF No. 86 at 7–10 (establishing that

15  the federal housing quality standards do not require consideration of the living area as a sleeping

16  area, and that HUD regulations specifically anticipate providing Plaintiffs' requested

17  accommodations).) Additionally, the portion of the *Williams* opinion cited by Defendants is dicta,

18  and the facts of *Williams* are easily distinguishable from the facts here. In *Williams*, the plaintiff

19  brought FHA claims against the housing authority because the city failed to lease to him the public

20  housing unit formerly occupied by his deceased mother, even though his mother had never added

21  him as an official member of the household, which would have entitled him to succession of his

22  mother's lease. *Williams*, 879 F. Supp. 2d at 330–34. The matter was litigated in housing court and

23  resolved by stipulation that plaintiff would vacate the apartment by a set date. *Id.* After changes in

24  counsel, plaintiff sued in state court, oral argument was heard on summary judgment, and

25  plaintiffs' counsel failed to file a supplementary brief addressing questions raised by the court. *Id.*

26  These facts are fundamentally different from the situation presented here.

27        Plaintiffs recognize that there is a legitimate and significant interest "in ensuring taxpayer-

28  funded programs are fairly and equitably administered." (ECF No. 82 at 12.) This certainly

3

1   includes deliberation regarding how to ensure resources are allocated to help as many eligible

2   families as possible. However, Defendants' purported need to "maximize scarce affordable

3   housing resources" above all other considerations flies in the face of anti-discrimination laws and

4   HACSC's own regulations, which explicitly anticipate the exact accommodation sought by

5   Plaintiffs. 24 C.F.R. § 982.402(b)(8). (*See* ECF No. 86 at 9–10.) Defendants' position is also

6   contradicted by the fact that it does accommodate for certain types of households (those with live-

7   in aides and medical equipment, for example) in exactly the manner Plaintiffs are seeking. The

8   affirmative duty imposed on HACSC to afford Plaintiffs an equal opportunity to use and enjoy

9   their dwellings requires HACSC to assume "reasonable financial burdens in accommodating

10   handicapped residents." *United States v. Cal. Mobile Home Park Mgmt. Co.*, 29 F.3d 1413, 1417

11   (9th Cir. 1994).

12      Defendants suggest that granting Plaintiffs' requested accommodations will result in

13   HACSC serving "fewer households" but provide no evidence to support that assertion. (ECF No.

14   85 at 11.) As previously indicated, the only evidence of record demonstrates that Plaintiffs account

15   for an extremely small portion of HACSC's overall population, and that accommodating

16   Plaintiffs' requests for accommodation will not cause any extreme financial hardship to HACSC.

17   (ECF No. 86 at 10–11.)

18      The reasonable accommodation requirement, the heart of what is disputed in this case,

19   applies equally and in the same manner for all claims. (*See* ECF No. 82 at 5–6.) The Court should

20   reject Defendants' legal position that they need not make any individualized efforts to

21   accommodate Plaintiffs.

22   **III.   THERE ARE NO DISPUTED MATERIAL FACTS THAT PRECLUDE THE FINDING OF SUMMARY JUDGMENT ON LIABILITY UNDER ALL CLAIMS**

23

24   **A.   No Evidence in the Record Indicates That a Case-by-Case Analysis is in Fact Performed by HACSC.**

25      Contrary to Defendants' assertions in their opposition, there is no evidence in the record

26   indicating that HACSC in fact performed the case-by-case analysis required when examining

27   Plaintiffs' reasonable accommodation requests. Defendants' quibble with the word "policy," (ECF

28   No. 85 at 21–22), but whether HACSC chooses to use the word "policy," "procedure," or any

4

1    other synonym for its practices, the result is the same: the determination of "nexus" does not meet

2    the requirements of the law. The fact that HACSC's attorneys *argue* it performs a "case-by-case

3    analysis" does not make it so.

4         All evidence of record indicates that the determination of a "nexus" with respect to

5    Plaintiffs' class—the part of the reasonable accommodation process that should be highly fact-

6    specific—is a perfunctory exercise with a mechanical determination made by HACSC employees.[1]

7    Defendants do not dispute that their current implementation of the "nexus" determination does not

8    require any actual consideration of the individualized living spaces of the voucher holders, the

9    particular family relationships involved, or even the specific disabilities of any family members.

10   (*See* ECF No. 81 Kirkham Decl. ¶ 35 (stating that 100% of class members have been denied a

11   reasonable accommodation request); ECF No. 81-2 Ex. 2 Harasz Dep. at 141:14–143:9 (making a

12   nexus determination based on basic information about the family composition and the documented

13   disability); ECF No. 81-15 Ex. 15 (suggesting a nexus determination based on basic information

14   about family composition and documented disability); ECF No. 81-9 Ex. 9 Sanchez Dep. 53:24–

15   56:10 (mechanically determining nexus based on a family composition and voucher size); ECF

16   No. 81-16 Ex. 16 Montano Dep. 48:19–51:22 (mechanically determining nexus based on a family

17   composition and voucher size); ECF No. 81-7 Ex. 7 Hang Dep. 53:25–54:18 (stating that HACSC

18   knew there was an alternative sleeping arrangement where a family member could utilize the

19   living room "based on the current unit size"); *see generally* ECF No. 82 at 15–21.). Defendants'

20   only response to this mountain of evidence is to re-state that HACSC's practice is "verifying the

21   existence of a disability and ascertaining the nexus between the disability and the request for a

22   separate bedroom." (ECF 85 at 23.) Stating that Defendants engage in a nexus inquiry is not

23   enough to "to identify with reasonable particularity the evidence that precludes summary

---

[1] Defendants assert that "Plaintiffs failed to properly authenticate nearly every exhibit" used in Plaintiffs' motion for summary judgment, (ECF No. 85 at 22 n. 7.) Defendants, in making this challenge, fail to cite any Federal Rule of Evidence that would support exclusion of these exhibits, nor did Defendants actually move to strike or exclude this evidence. Additionally, all evidence Plaintiffs submitted was either Defendants' own produced documents, or excerpts of depositions taken in this matter.

5

1  judgment" when all available evidence shows that this inquiry is perfunctory and, in fact, has a

2  predetermined outcome for Plaintiffs. *See Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

3       Defendants characterize HACSC's policy as investigating whether there is "a relationship

4  between what is requested [*i.e.*, an additional subsidy to account for an extra bedroom] and the

5  disabled individual's disability." (ECF No. 85 at 4, 6, 23, 24, 25.) That is the wrong inquiry: the

6  law requires an inquiry into the nexus "between the accommodations that [Plaintiffs are]

7  requesting, and their necessity for providing handicapped individuals an 'equal opportunity' to use

8  and enjoy housing." *Lapid–Laurel, L.L.C. v. Zoning Bd. of Adjustment of Tp. of Scotch*, 284 F.3d

9  442, 459 (3d Cir. 2002); *see also Smith & Lee Assocs., Inc. v. City of Taylor, Mich.*, 102 F.3d 781,

10  795 (6th Cir. 1996); *accord Giebeler v. M & B Assocs.*, 343 F.3d 1143, 1148–49, 1155–56 (9th

11  Cir. 2003); *Bronk v. Ineichen*, 54 F.3d 425, 429 (7th Cir.1995) ("[T]he concept of necessity

12  requires at a minimum the showing that the desired accommodation will affirmatively enhance a

13  disabled plaintiff's quality of life by ameliorating the effects of the disability."). As expressed by

14  the House Committee Report on FHAA and quoted by the Ninth Circuit in *Giebeler*,

15
16  > A discriminatory rule, policy, practice or service is not defensible simply because
  > that is the manner in which such rule or practice has traditionally been constituted.
  > [42 U.S.C. § 3604(f)(3)(B)] require[s] that changes be made to such traditional
17  > rules or practices if necessary to permit a person with handicaps *an equal
  > opportunity to use and enjoy a dwelling*.

18  H.R. REP. No. 100-711, at 25 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 2173, 2186 (emphasis

19  added); *accord Giebeler*, 343 F.3d at 1149. Defendants, by their own admission, do not pay any

20  attention to the equal "use and enjoy" requirement; as discussed above, Defendants are only

21  concerned with "equal access" to the program, which is legally insufficient.

22       In light of the undisputed fact that Defendants' nexus inquiry fails to make even the most

23  basic inquiry into how the accommodation might provide Plaintiffs equal opportunity to use and

24  enjoy their housing, no fact-finder could find that Defendants have met the requirements of the

25  anti-discrimination laws at issue here. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

26  U.S. 574, 599 (1986).

27

28

**B.   Defendants' New Summary Spreadsheet Does Not Create A Material Dispute of Fact Regarding Whether Defendants' Violated the Law with Respect to the Class.**

Defendants presented no evidence that any class members have failed to adequately document their need for a separate bedroom. Defendants assert, without support, that "many" class members "will not be able to establish that they have a documented and undisputed need for a separate bedroom." (ECF No. 85 at 8.) This assertion alone is not enough "to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).

Moreover, Defendants for the first time present a summary spreadsheet of Plaintiffs' family composition, voucher size, and documented reason for the requested accommodation[2] and assert that because "the requested accommodation is not required for the disabled individual," many of the households "may not be entitled to a larger voucher." (ECF No. 85 at 8.) Defendants' argument misinterprets this Court's class certification, which explicitly includes "Santa Clara County Section 8 voucher holders who have disabilities *and/or have family members with disabilities*" (ECF No. 67 at 23 (emphasis added)), and contravenes established law that the HACSC must not interfere with Plaintiffs' "equal opportunity to enjoy the housing of their choice." *Smith & Lee Assocs., Inc. v. City of Taylor, Mich.*, 102 F.3d 781, 795 (6th Cir. 1996); *accord Giebeler*, 343 F.3d at 1155. Because Plaintiffs alone are the only Section 8 voucher holders that are asked to "accommodate" a family members' disability by tripling-up in a room or using a living room as a sleeping room, this—by definition—does not create an equal opportunity for these voucher holders to use and enjoy the housing of their choice. (*See* ECF No. 81-8, Ex. 8,

---

[2] Plaintiffs note that Defendants' summary spreadsheet was not produced during discovery, and therefore should be excluded. Under FED. R. CIV. P. 26(a), Defendants have an affirmative duty to disclose all documents that they may use to support its claims or defenses. Where a party has failed to provide information as required under Rule 26, "the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Since Plaintiffs first became aware of this summary one week ago when Defendants filed their motion with the court, Plaintiffs' counsel has not yet been able to review the accuracy of the information contained therein, and could therefore be substantially prejudiced by inclusion of this evidence for the purposes of this motion. *See San Francisco Baykeeper v. W. Bay Sanitary Dist.*, 791 F. Supp. 2d 719, 733 (N.D. Cal. 2011) (setting forth the five factors for preclusion of evidence pursuant to Rule 37).

7

1    Sangalang Dep. 36:1–6 (admitting that there has never been a situation where HACSC has

2    suggested that non-disabled families accept a voucher for fewer bedrooms because they could use

3    a living room instead).) While alternatives like "the use of eye masks, ear plugs, and noise-

4    cancelling headphones" may prove to be a feasible alternative for some of these families,

5    Defendants have admitted that this level of analysis never takes place as part of the nexus

6    determination. (*See* ECF No. 82 at 17–18 (presenting undisputed evidence that HACSC does not

7    make any factual inquiry into the family's circumstances to determine whether the living area is

8    suitable for use as a sleeping area, the size of the apartment, or how such an arrangement would

9    affect the disabled family member).) Moreover, Defendants have never disputed that the impacts

10   of their policies—such as giving up a living space—impact the entire household, including both

11   the disabled and non-disabled members.[3]

12         While there *may* be disputes down the road regarding whether certain specific voucher

13   holders should remain a part of the class, Defendants have not raised any such challenges for the

14   Plaintiffs, and moreover this is not a material dispute that would prevent this Court from

15   determining that Defendants have violated state and federal law with respect to individuals who do

16   qualify for inclusion in the class.

17         **C.    Defendants' Discussion of Plaintiffs' Damages Estimates Does Not Create a Genuine Dispute of Material Fact.**

18         Defendants assert, without any evidence, that monetary damages are not "incidental."

19   (ECF No. 85 at 8.) While it is unclear what exactly Defendants mean by this statement, it has no

20   bearing on whether Defendants violated the five laws at issue in the case. Instead, Defendants'

21   argument seems to be aimed at the class certification that was already granted by this Court for the

22   purposes of both Rule 23(b)(2) and 23(b)(3). (ECF No. 67 at 23.) The amount of damages is not

---

[3] For example, when Defendants deposed named Plaintiff Venus Benabides, she acknowledged that due to her own disability, "[i]f I shared a room with somebody, I would not be able to get good sleep. . . . [because] I can't be in close proximity with people for a long period of time or sleeping next to them due – I get paranoid, stressed. I have – my thoughts." (Ex. 1, Benabides Dep. 84:19–85:1.) Ms. Benabides also noted that due to her son's disability, "every night . . . I can hear him, because he's in the room next door, and he's up for a majority of the night. Or he'll say in the morning, Mom, I had a good night, or, Mom, I didn't sleep good; I had a bad night." (*Id.* at 51:14–18.)

8

relevant to this motion, and Plaintiffs are not seeking summary judgment on damages. Thus the method of calculating damages is not a material fact for purposes of this motion.

## IV.   CONCLUSION

Defendants have failed to meet their legal responsibility to enable the Plaintiff class—all low-income, disabled households—an equal opportunity to use and enjoy their dwellings. The evidence of record is undisputed: HACSC has engaged in a blanket policy to deny requests for an additional bedroom to accommodate Plaintiffs' disabilities. HACSC denies Plaintiffs the full use and enjoyment of their dwelling by, for example, forcing Plaintiffs to have a family member sleep in the living space, having three or more members of a household share a bedroom, having the disabled member ignore their disability and share a room, or forcing Plaintiffs to spend additional money out-of-pocket on a larger unit. Similarly sized families with no disabled members are not forced to make these choices. Because no reasonable fact finder could find, on this record, that Plaintiffs are not legally entitled to the reasonable accommodations they seek, Plaintiffs request the Court grant their Motion for Summary Judgment.

Dated:  March 31, 2016

FISH & RICHARDSON P.C.


By:  */s/ Jonathan J. Lamberson*
    Jonathan J. Lamberson

Attorneys for Plaintiffs
THANH HUYNH, VENUS BENABIDES, RUDY GARCIA, LYNDA GOMES, NICHOLAS WALLACE, LILLIE WARE, STEPHEN JONES, DEHAB HAILE, and FREIHIWET TESFAMARIAM