UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THANH HUYNH, et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>KATHERINE HARASZ, et al.,<br><br>        Defendants. | Case No. 14-CV-02367-LHK<br><br>**ORDER REGARDING QUESTIONS FOR SUMMARY JUDGMENT HEARING** |

The Court orders the parties to file, by May 11, 2016, at 3 p.m., a response to the following question. The parties' respective responses may not to exceed one page in length.

- Do the parties agree that—as a purely legal matter—a hypothetical blanket reasonable accommodation policy where all requests for a larger subsidy are denied without consideration of a disabled individual's fact-specific circumstances would violate state and federal antidiscrimination law? In answering this question, the parties are to set aside the question of whether, as a factual matter, HACSC actually implemented a blanket reasonable accommodation policy.

In addition, the parties shall be prepared to address the following issues for oral argument at the May 12, 2016 hearing on the parties' cross motions for summary judgment. Each side will have a total of twenty minutes to address these issues.

- The parties shall address the admissibility of Exhibit O in ECF No. 85-1, which Defendants filed in opposing Plaintiffs' motion for summary judgment. The Court would like to hear from the parties on (1) what evidence Defendants drew upon to produce

1

Exhibit O, (2) whether this evidence was produced to Plaintiffs, and (3) how Exhibit O was created.

- The Court would like clarification on the size of the Class. The Court observes that the class certification order referred to 215 reasonable accommodation requests, while Exhibit O documents 204 such requests. Finally, in the declaration of HACSC Housing Director Aleli Sangalang ("Sangalang"), Sangalang asserts that the Class is comprised of 194 households. ECF No. 79-3 ¶ 17.

- Third, although neither party moves for summary judgment on the issue of damages, the Court would like to hear Plaintiffs' damages theory and how Plaintiffs plan to prove damages at trial as well as any response from Defendants.

Plaintiffs' counsel has stated that two junior attorneys—a first year and second year associate—will argue at the May 12, 2016 motions hearing. In the interest of providing junior attorneys from both sides an opportunity for argument, the Court encourages Defendants to identify junior attorneys to argue at the motions hearing. However, after reviewing Defendants' counsel website, the Court acknowledges that finding a first or second year associate to argue may not be feasible and that it may be necessary for Defendants' counsel to be represented by a more experienced associate.

**IT IS SO ORDERED.**

Dated: May 10, 2016

_____
LUCY H. KOH
United States District Judge

2

Case No. 14-CV-02367-LHK
ORDER REGARDING QUESTIONS FOR SUMMARY JUDGMENT HEARING