PAHL & McCAY
A Professional Law Corporation
**Karen K. McCay, Esq.** (State Bar No. 187664)
**Servando R. Sandoval, Esq.** (State Bar No. 205339)
**Helene A. Simvoulakis-Panos, Esq.** (State Bar No. 256334)
225 West Santa Clara Street, Suite 1500
San Jose, California 95113-1752
Telephone:   (408) 286-5100
Facsimile:    (408) 286-5722
Email: kmccay@pahl-mccay.com
ssandoval@pahl-mccay.com
hsimvoulakis@pahl-mccay.com

Attorneys for Defendants
KATHERINE HARASZ AND THE HOUSING
AUTHORITY OF THE COUNTY OF SANTA CLARA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THANH HUYNH, VENUS BENABIDES; RUDY GARCIA; LYNDA GOMES; NICHOLAS WALLACE, a minor, by his guardian ad litem, LYNDA GOMES; LILLIE WARE, STEPHEN JONES a minor, by his guardian ad litem, LILLE WARE; DEHAB HAILE; and FREIHIWET TESFAMARIAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERINE HARASZ, in her official capacity as Executive Director of the HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA; and HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA,<br><br>Defendants | Case No.  5:14-cv-02367 LHK<br><br><br><br>**Date:**  May 12, 2016<br>**Time:**  1:30 p.m.<br>**Judge:** Lucy H. Koh<br>**Dept.:** Courtroom 8, Fourth Floor<br><br><br>**DEFENDANTS' RESPONSE TO COURT'S ORDER REGARDING QUESTIONS FOR SUMMARY JUDGMENT HEARING** |

**Court's Question:** Do the parties agree that—as a purely legal matter—a hypothetical blanket reasonable accommodation policy where all requests for a larger subsidy are denied without consideration of a disabled individual's fact-specific circumstances would violate state and federal anti-discrimination law?

---
1
Defendants' Response to Question of Court for Summary Judgment Hearing       (Case No. 5:14-cv-02367)

**Defendants' Answer:** No, Defendants do not agree. If a household requests an exterior ramp to get over a threshold, a housing provider could have a "blanket policy" denying all such requests if all units already have threshold ramps or the thresholds are flush to the ground. No inquiry is needed as to whether a household member is in fact disabled or whether other accommodations will also meet the need because what is being requested is already being provided. The same is true for requests for more money from the Section 8 Voucher Program so that a household member may have his or her own room for whatever reason. The individual's fact-specific circumstances are irrelevant so long as Defendants may consider a living area as a sleeping area, consistent with federal regulations, when processing accommodation requests. This is the legal issue to be decided by the Court in Defendants' Motion for Summary Judgment. If the living area may be considered a sleeping area for a non-disabled individual who does not require his or her own room, then more money from the Voucher Program is not required because the disabled individual may have his or her own room whether or not there is any question as to the existence of the disability, the need for the room, or whether the need can be met in another way. If what someone says is needed is already being provided, the request may be denied without any further consideration of the disabled individual's fact-specific circumstances.

Plaintiffs have argued HACSC should have inquired as to whether the existing living areas of the purported class members complied with the housing quality standards (HQS) and applicable housing codes; but, why? When the requests were made, the Program Participants were in their original, larger units. When the subsidy money was reduced for all participants, everyone was required to either (1) pay more for their existing housing; or (2) move to a new unit consistent with their new voucher size. If they elected the former, the current living areas would not be used as sleeping areas. If the latter, HACSC would evaluate the unit's compliance with the HQS and applicable housing codes when the new, smaller unit was selected by the Program Participant. The configuration/characteristics of the original larger units' living areas were and are irrelevant.

DATED: May 11, 2016    PAHL & McCAY
A Professional Law Corporation

By: /s/
Karen K. McCay, Esq.
Attorneys for Defendants