Kyra A. Kazantzis (SBN 154612 / kyrak@lawfoundation.org)
Annette D. Kirkham (SBN 217958 / annettek@lawfoundation.org)
Nadia Aziz (SBN 252966 / nadia.aziz@lawfoundation.org)
Thomas Zito (SBN 304629 / tom.zito@lawfoundation.org)
FAIR HOUSING LAW PROJECT a project of the
LAW FOUNDATION OF SILICON VALLEY
Kara E. Brodfuehrer (SBN 258735 / kara.brodfuehrer@lawfoundation.org)
MENTAL HEALTH ADVOCACY PROJECT a project of the
LAW FOUNDATION OF SILICON VALLEY
152 North Third Street, Third Floor
San Jose, California 95112
Telephone: (408) 280-2410
Facsimile: (408) 293-0106

Katherine Vidal (SBN 194971 / vidal@fr.com)
Jonathan J. Lamberson (SBN 239107 / lamberson@fr.com)
Emily Petersen Garff (SBN 302308 / petersengarff@fr.com)
Holly K. Victorson (SBN 305595 / victorson@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, California 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Plaintiffs
THANH HUYNH, et al.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THANH HUYNH; VENUS BENABIDES; RUDY GARCIA; LYNDA GOMES; NICHOLAS WALLACE, a minor, by his guardian ad litem, LYNDA GOMES; LILLIE WARE; STEPHEN JONES, a minor, by his guardian ad litem, LILLIE WARE; DEHAB HAILE; and FREIHIWET TESFAMARIAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERINE HARASZ, in her official capacity as Executive Director of the HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA; HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 5:14-cv-02367 LHK<br><br>**PLAINTIFFS' RESPONSE REGARDING QUESTION FOR SUMMARY JUDGMENT HEARING**<br><br>Date: May 12, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 5, Fourth Floor<br><br>United States District Court Judge<br>Lucy H. Koh |

There should be no dispute that any accommodation policy where all requests for a larger subsidy are categorically denied violates state and federal anti-discrimination law.

HAs are required to provide reasonable accommodations to voucher holders if "but for the accommodation, [voucher holders] will be denied an equal opportunity to enjoy" the benefit of the HCVP.[1]  Ninth Circuit law is clear that the reasonable accommodation process requires "highly fact-specific" and "case-by-case" determinations.[2]  In determining whether to grant an accommodation, the HA must therefore consider each disabled individual's fact-specific circumstances. To categorically deny accommodations without such investigation is tantamount to having no reasonable accommodations policy whatsoever.

Even beyond this well-established legal principle, the parties agree that "Federal anti-discrimination laws prohibit disabled persons from being . . . 'subject to discrimination under any program or activity receiving Federal financial assistance.'" ECF No. 85 at 9 (quoting 29 U.S.C. 792(a)). Defendants recognize that "federal regulations require [PHA's] . . . to establish a subsidy standard that 'provide[s] for the smallest number of bedrooms needed'" and that a "dwelling must have at least one bedroom or living/sleeping room for each two persons." ECF No. 85 at 10-11 (quoting 24 C.F.R. §§ 982.402(b)(2) & 982.401(d)(ii)).  Discriminatorily and categorically applying the "or living/sleeping room" clause only to disabled households to skirt the federal mandate that accommodations be granted, and to avoid having to consider a disabled individual's fact specific circumstances, is in direct contravention of the law.[3]  In fact, the law requires not only that regulations be applied nondiscriminatorily, but that reasonable accommodations in the form of preferential treatment be given to effect the intent of the ADA.[4]

---

[1] *See Giebeler v. M & B Associates*, 343 F.3d 1143, 1155 (9th Cir. 2003).
[2] *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)("[W]hat constitutes a reasonable accommodation under the ADA 'requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.'"); *United States v. California Mobile Home Park Mgmt. Co.*, 107 F.3d 1374, 1380 (9th Cir.1997) (same); *see* HUD/DOJ Joint Statement "Reasonable Accommodations Under the Fair Housing Act" *available at* http://www.hud.gov/offices/fheo/library/huddojstatement.pdf
[3] *See, e.g.*, Bates v. UPS, 511 F.3d 974, 994 & 996-97 (9th Cir. 2007) (holding that a blanket policy effectively preventing certain disabled individuals from working is facially discriminatory).
[4] *US Airways, Inc. v. Barnett*, 535 U.S. 391, 397–98 (2002) ("The Act [ADA] requires preferences in the form of 'reasonable accommodations' . . . .  By definition any special 'accommodation' requires the employer to treat an employee with a disability differently, *i.e.*, preferentially.").

| | | |
|---|---|---|
| 1 | Dated: May 11, 2016 | FISH & RICHARDSON P.C. |
| 2 | | |
| 3 | | By: */s/ Emily Petersen Garff* |
| 4 | | Emily Petersen Garff |
| 5 | | Attorneys for Plaintiffs |
| 6 | | THANH HUYNH, VENUS BENABIDES, RUDY GARCIA, LYNDA GOMES, |
| 7 | | NICHOLAS WALLACE, LILLIE WARE, STEPHEN JONES, DEHAB HAILE, and |
| 8 | | FREIHIWET TESFAMARIAM |

51019515.doc