**PAHL & McCAY**
A Professional Law Corporation
**Karen K. McCay, Esq.** (State Bar No. 187664)
**Servando R. Sandoval, Esq.** (State Bar No. 205339)
**Helene A. Simvoulakis-Panos, Esq.** (State Bar No. 256334)
225 West Santa Clara Street, Suite 1500
San Jose, California 95113-1752
Telephone:    (408) 286-5100
Facsimile:    (408) 286-5722
Email: kmccay@pahl-mccay.com
ssandoval@pahl-mccay.com
hsimvoulakis@pahl-mccay.com

Attorneys for Defendants
KATHERINE HARASZ AND THE HOUSING
AUTHORITY OF THE COUNTY OF SANTA CLARA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THANH HUYNH, VENUS BENABIDES; RUDY GARCIA; LYNDA GOMES; NICHOLAS WALLACE, a minor, by his guardian ad litem, LYNDA GOMES; LILLIE WARE, STEPHEN JONES a minor, by his guardian ad litem, LILLE WARE; DEHAB HAILE; and FREIHIWET TESFAMARIAM, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERINE HARASZ, in her official capacity as Executive Director of the HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA; and HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA,<br><br>Defendants | Case No. 5:14-cv-02367 LHK<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 2 TO EXCLUDE EXPERT WITNESS TESTIMONY REGARDING SPECULATIVE DAMAGES**<br><br>**Pre-Trial Conference:** June 9, 2016<br>**Time:** 1:30 p.m.<br>**Judge:** Lucy H. Koh<br>**Dept.:** Courtroom 8, Fourth Floor |

///

///

///

///

---

DEFENDANTS' MOTION IN LIMINE NO. 2    (Case No. 5:14-cv-02367)

# I.

# INTRODUCTION

Defendants KATHERINE HARASZ, in her official capacity as Executive Director of the HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA ("Ms. Harasz") and the HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA ("HACSC") (collectively "Defendants") hereby submit the following Motion in Limine No. 2 to Exclude all Expert Witness Testimony Regarding Speculative Damages (the "Motion").

# II.

# STATEMENT OF FACTS

During the November 2015 hearing on Plaintiffs' Motion for Class Certification, Plaintiffs' represented to the Court that the damages being claimed by Plaintiffs in this action were "incidental" and that the "primary relief being requested is injunctive class-wide relief." [Declaration of Servando R. Sandoval ISO Defendants' Motion in Limine No. 2 ("Sandoval Decl."), ¶ 3, Ex. A.]

On or about February 26, 2016, Plaintiffs served the report of their sole expert, Christopher Johanson. [Sandoval Decl., ¶ 4, Ex. B, p. 3.] In his report, Mr. Johanson stated that the scope of his retention as an expert witness was "to evaluate damages resulting from Plaintiffs' allegations that [Defendants] systematically denied the Plaintiffs accommodation requests for medically necessary additional bedrooms . . . ." Id. In fulfilling this assignment, Mr. Johanson limited his analysis to the purported economic damages sustained by Plaintiffs and the purported Class. Id. Mr. Johanson did not evaluate any other category of damages, including but not limited to emotional distress, moving costs, or transportation costs. Id.

Contrary to Plaintiffs' claims that the damages sought in this litigation are "incidental," in his report, Mr. Johanson estimates that the alleged damages sustained by Plaintiffs' and the Class is somewhere between $2,464,064 and $2,501,056. Id. at p.15. This range is based upon Mr. Johanson's calculation of the sum of all of the differences in value between the voucher awarded and the larger voucher size requested, relative to the approximately 215 households whom Plaintiff contend comprise the Class. Id. On the evening of May 19, the Plaintiffs submitted an

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

*4119/002 -
00472208.DOCX.
1

updated analysis changing Mr. Johanson's estimated damages range to somewhere between $3,122,656 and $3,168,756 through June 30, 2016. [Sandoval Decl., ¶ 5, Ex. C, p. 2.]

During his deposition, Mr. Johanson testified that in calculating the damages range provided in his report, Mr. Johanson did not take into account any extraneous factors, such as market conditions or availability of rental housing, nor did he conduct any independent analysis or review. [Sandoval Decl., ¶ 6, Ex. D, 15:7-16:10, 32:2-4.] Rather, Mr. Johanson relied entirely on the information with which he was provided, which included a spreadsheet pertaining to potential class members and the "various pieces of information related to their housing participation in the housing voucher program . . . ." [Sandoval Decl., ¶ 6, Ex. D, 9:20-10:2, 15:1-10, 17:22-18:16; Sandoval Decl., ¶ 4, Ex. B, Schedule 5.] For example, Mr. Johanson never verified potential class members' family sizes, nor did he verify the potential class members' rental amounts. [Sandoval Decl., ¶ 6, Ex. D, 14:22-25, 15:25-16:10.] Mr. Johnson further testified that he took no action to ascertain the actual unit sizes for any of these potential class members' households, including whether these households were occupying housing equivalent to their awarded voucher. [Sandoval Decl., ¶ 6, Ex. D, 14:12-21.] Rather, Mr. Johanson assumed that all of these households were residing in larger units than that which was supported by their awarded subsidies. Id. For example, where a household was awarded a three bedroom voucher after requesting, and being denied, an accommodation for a four-bedroom voucher, for purposes of calculating said households' damages, Mr. Johanson calculated the damages as though the household was residing in a four-bedroom apartment without regard for other factors, such as whether the household was even able to find an available four-bedroom unit. [Sandoval Decl., ¶ 6, Ex. D, 21:15-22:9.]

## III.

## LAW AND ARGUMENT

A. **THE EXPERT EVIDENCE ON WHICH PLAINTIFFS INTEND TO RELY TO SUPPORT THEIR ACTUAL DAMAGES FIGURES IS BASED, NOT ON "SUFFICIENT FACTS OR DATA," AS REQUIRED BY THE FEDERAL RULES OF EVIDENCE, BUT RATHER, "UNSUPPORTED SPECULATION. "**

Rule 702 of the Federal Rules of Evidence permits opinion testimony by expert witnesses where their knowledge will "assist the trier of fact to understand the evidence or to determine a fact in issue." Among other things, the expert's testimony must be "based upon sufficient facts or

data." Fed. R. Evid. 702(b). Specifically, to be admissible under Rule 702, an expert's testimony or opinion must be founded on "sufficient facts or data" to render it something "more than subjective belief or unsupported speculation." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590 (1993). See also United States v. Hermanek, 289 F.3d 1076, 1094 (9th Cir.2002) (*quoting* Fed. R. Evid. 702 advisory comm. note (2000)) ("Expert testimony must be "properly grounded, well-reasoned, and not speculative.")

Where an expert fails to demonstrate that a particular opinion is more than a mere subjective belief, unsupported speculation, or a bald conclusion, the opinion is subject to exclusion under Rule 702. Claar v. Burlington Northern Railroad Company, 29 F.3d 499, 502 (9th Cir.1994); Flagstone Development, LLC v. Joyner, 2011 WL 5040663, *2 (D. Mont. 2011). Thus, "'when an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.'" Abarca v. Franklin Cty. Water Dist., 813 F. Supp. 2d 1199, 1204 (E.D. Cal. 2011) (*quoting* Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 242 (1993)). This premise holds true relative to an expert's damage analysis. Where an expert's report "has no basis in the record," "rests on unsupported assumptions and ignores distinctions crucial to arriving at a valid conclusion," the report is properly excluded. McGlinchy v. Shell Chemical Co., 845 F. 2d 802, 807 (9th Cir. 1988).

In the present case, Mr. Johanson's claim that Plaintiffs and the potential class have sustained damages in excess of $3,000,000 is based, on a number of uncorroborated assumptions, as opposed to actual facts or data. At the outset, it should be noted that all of Mr. Johanson's calculations are premised on the notion that Plaintiffs and the potential class members were actually *injured* as a result of the reduction in their subsidies. Yet, Mr. Johanson never undertook any independent analysis to verify whether this was, in fact, the case. Rather, as noted in his report, Mr. Johanson simply *assumed* that Plaintiffs and the potential class members were "systematically denied" a housing accommodation and that as a result of said alleged "systematic denial," Plaintiffs and the potential class members were therefore injured. [Sandoval Decl., ¶ 4, Ex. B, p. 3.]

Pahl & McCay
A Professional Corp.
225 W. Santa Clara
Suite 1500
San Jose, CA 95113
(408) 286-5100

#4119/002 -
00472208.DOCX.
1

Additionally, in calculating the *amount* of the alleged damages, Mr. Johanson failed to conduct any individualized inquiry, instead opting for a "one size fits all" approach. For each and every Plaintiff and potential class member, Mr. Johanson calculated the damages as being equivalent to the difference between the voucher payment standard requested and the voucher payment standard actually granted. [Sandoval Decl., ¶ 4, Ex. B, p. 14, § D.] This methodology is flawed. It assumes that all of the Plaintiffs and potential class members reside in an apartment that is larger than the subsidy the household was awarded and, in doing so, fails to account for the possibility that certain households occupy a unit that is *equal* to the awarded voucher size. In such circumstances, Mr. Johanson's calculation would not apply, given that the household would not be paying any additional out-of-pocket rental expenses.

Furthermore, even as to those households which *are* occupying a unit that is larger than the awarded voucher size, Mr. Johanson's damages calculations are still speculative. As he testified during his deposition, Mr. Johanson based his damages analysis, not on rental amounts actually paid by each respective household but rather, on what he *assumed* each household was paying. Absent verification of actual rental amounts, Plaintiffs cannot establish that Mr. Johanson's damages calculations are based on concrete facts and data, as opposed to unsupported speculation. As such, Plaintiffs' cannot support their claim for damages in excess of $3,000,000 and any evidence that Plaintiffs sustained said damages must necessarily be excluded at trial.

## IV.

## CONCLUSION

In light of the foregoing, Defendants KATHERINE HARASZ, in her official capacity as Executive Director of the HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA and the HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA respectfully request that the Court grant their Motion in Limine No. 2 to Exclude all Expert Witness Testimony Regarding Speculative Damages, and for whatever further relief the Court deems just and proper.

DATED: May 25, 2016

PAHL & McCAY
A Professional Law Corporation

By: \_\_\_\_\_/s/_____
Servando R. Sandoval, Esq.
Attorneys for Defendants