UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THANH HUYNH, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>KATHERINE HARASZ, et al.,<br><br>            Defendants. | Case No. 14-CV-02367-LHK<br><br>**ORDER REGARDING PRELIMINARY APPROVAL HEARING** |

The Court orders the parties to file, by September 8, 2016, at 10:00 a.m., a response to the following questions. The parties' response may not exceed six pages in length.

The parties should also be prepared to address these questions at the September 15, 2016 preliminary approval hearing.

**EMOTIONAL DISTRESS DAMAGES**

1. The parties are to identify any supporting legal authority which allows them to award emotional distress damages on a classwide basis.

    On this point, the Court notes that several district courts within the Ninth Circuit have held that emotional distress damages may not be recovered on a classwide basis. *See Rader v. Teva Parenteral Meds., Inc.*, 276 F.R.D. 524, 530–31 (D. Nev. 2011); *accord Roadhouse v. Las Vegas Metro. Police Dep't*, 290 F.R.D. 535, 546 n.9 (D. Nev. 2013) (finding classwide relief inappropriate because "emotional distress damages of the putative class members . . . could vary widely from class member to class member."). In *Berndt v. California Department of Corrections*, 2012 WL 950625 (N.D. Cal. Mar. 20, 2012), for instance, the district court explained that, "[w]hile it is often true that damages calculations alone cannot defeat certification, that principle [is not] applicable . . . where the emotional

1

distress damages to every class member will depend on the individual incidents, and on the kind and extent of . . . behavior they were exposed to, as well as the promptness and efficacy, or lack of efficacy, of defendants' response to any complaints they may have made." *Id.* at *13 (citation omitted). The Court's research suggests that no court within the Ninth Circuit has ever granted emotional distress damages on a classwide basis.

Given the foregoing legal authority, the Court is uncertain whether it can approve a classwide emotional damages award in the instant case.

**OPT OUT PROCEDURE**

1. Defendants request that the Court exercise its discretion and decline to give Class Members an opportunity to opt out. *See, e.g.*, Fed. R. Civ. P. 23(e)(4) ("If the class action was previously certified under Rule 23(b)(3), the court *may refuse* to approve a settlement unless it affords a new opportunity to request exclusion to individual class members who had an earlier opportunity to request exclusion but did not do so."). Does Class Counsel agree that the Court should exercise such discretion? In so, can the parties provide the Court with any examples in the Ninth Circuit where a court has declined, in its discretion, to provide class members an opportunity to opt out?

**ATTORNEY'S FEES, COSTS, AND EXPENSES**

1. Fish and Richardson entered its first appearance in this action on November 6, 2015, ECF No. 64, after the motion for class certification was fully briefed. Accordingly, in granting class certification, the Court appointed only Law Foundation as Class Counsel. Fish and Richardson has not filed a motion to be named as Class Counsel.

    In the notice that was sent out to the Class after class certification, only Law Foundation was named as Class Counsel. ECF No. 92-3. In the proposed objection form that Class Counsel have submitted in their motion for preliminary approval, again only Law Foundation was named as Class Counsel. ECF No. 141-2.

    In short, Fish and Richardson has never been named as Class Counsel, no Class Member has consented to Fish and Richardson's representation in this matter, and many Class Members may not even know of Fish and Richardson's involvement in this matter.

    In the Settlement Agreement, Defendants have agreed to pay $712,500 in attorney's fees and costs which will "cover[] all fees and costs incurred by the Law Foundation of Silicon Valley and Fish & Richardson." ECF No. 141-1 at 6.

    Under the facts discussed above, the Court is unaware of any legal authority which would allow Fish and Richardson to receive part of the attorney's fees award to cover Fish and Richardson's fees and costs. The Court therefore requests Class Counsel to identify any supporting case law which would allow an award of attorney's fees and costs to Fish and Richardson.

2. Fish and Richardson has consistently represented to the public that it has provided legal assistance in this case on a pro bono basis. *See* Ryan Davis, *How to Help Young IP Attys Shine in Court*, LAW360 (June 29, 2016), http://www.law360.com/articles/808298/how-to-help-young-ip-attys-shine-in-court. The Court requests Class Counsel to identify any legal authority which allows a private law firm to recover attorney's fees and costs in a class action settlement even though the private law firm has consistently stated that its representation has been on a pro bono basis.

2
Case No. 14-CV-02367-LHK
ORDER REGARDING PRELIMINARY APPROVAL HEARING

3. The parties must state why the representative Plaintiffs should receive $10,000 each in service awards. The Ninth Circuit has established $5,000 as a reasonable benchmark award for representative plaintiffs. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 947–48 (9th Cir. 2015); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). It is unclear why departure from this benchmark is appropriate in the instant case. As a point of comparison, the Court recently approved a class action settlement in *In re Yahoo Mail Litigation*, 13-CV-4980 (N.D. Cal.), where the four class representatives, who were involved in a complex, multi-year litigation, received $5,000 each. ECF No. 203 at 21.

**IT IS SO ORDERED.**

Dated: September 1, 2016.

_____
LUCY H. KOH
United States District Judge

3
Case No. 14-CV-02367-LHK
ORDER REGARDING PRELIMINARY APPROVAL HEARING