UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THANH HUYNH, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>HOUSING AUTHORITY OF THE COUNTY OF SANTA CLARA, et al.,<br><br>    Defendants. | Case No. 14-CV-02367-LHK<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 158 |

Plaintiffs[1] bring this action against the Housing Authority of the County of Santa Clara ("HACSC") and Katherine Harasz, in her official capacity as HACSC's Executive Director (collectively, "Defendants"). Before the Court is Plaintiffs' motion for final approval of class action settlement. ECF No. 158 ("Mot."). The Court held a hearing on the motion for final approval of class action settlement on March 16, 2016. Having considered the parties' submissions, the relevant law, the record in this case, and the statements at the March 16, 2017 hearing,

---

[1] The named Plaintiffs are Thanh Huynh, Venus Benabides, Rudy Garcia, Lynda Gomes, Nicholas Wallace, Lillie Ware, Stephen Jones, Dehab Haile, and Freihiwet Tesfamariam.

1
Case No. 14-CV-02367-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**IT IS HEREBY ORDERED** as follows:

1. JURISDICTION: The Court has jurisdiction over the subject matter of the instant suit, and this Court has personal jurisdiction over Plaintiff, Defendants, and all of the Class Members.

2. SETTLEMENT AGREEMENT APPROVAL: The settlement provides for injunctive relief requiring the HACSC to change its policies regarding reasonable accommodation requests for disabilities that fully address Plaintiffs' concerns in this case. Additionally, the settlement provides substantial monetary damages. The total amount of damages to be disbursed to the class is $3,200,000. Plaintiffs' expert consultant calculated the actual damages for each class member by looking at the difference between the "Voucher Payment Standard" (VPS) that each household would have received but for Defendants' unlawful discrimination and the VPS that each household actually received due to Defendants' denial of Plaintiffs' accommodation request. The total amount of actual damages individual class members will receive using the expert's formula is $2,488,440, which represents 100% of actual damages for the class as calculated by Plaintiffs' expert. The range of individual awards is between $916 and $25,406 depending upon the length of time each class member was forced to accept the reduced voucher size after requesting their reasonable accommodation. In addition to actual damages, the settlement provides for $695,560 in emotional distress damages for class members who experienced homelessness as a result of the reduced subsidy. The damages for class members will be calculated by the length of time each class member was homeless. If any money remains after these distributions, the remaining money will be distributed pro rata to the class based on the amount of time each class member was forced to accept a reduced subsidy.

The Court finds that the Agreement, ECF No. 141-1, is the product of arm's length negotiations between the parties. Moreover, the Agreement was reached after extensive discovery and motions practice such that the parties are aware of the strengths and weaknesses of their respective cases. The parties reached a settlement agreement on the eve of trial. At that time, several disputed factual issues remained, including (1) whether Defendants actually implemented a

blanket policy, (2) whether Plaintiffs require an additional bedroom subsidy because of their disabilities, and (3) what amount of damages Plaintiffs should receive. Thus, multiple uncertainties remain in Plaintiff's case and, without settlement, there is a high potential for additional costly litigation. Under these circumstances, the Court finds the terms of the Agreement to be "fair, reasonable, and adequate." *Officers for Justice v. Civil Serv. Comm'n of the City & Cty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982) (setting forth factors for final approval).

3.   THE CLASS: On November 12, 2015, the Court certified the following class pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), and 23(b)(3):

> Santa Clara County Section 8 voucher holders who have disabilities and/or have family members with disabilities who (1) made a reasonable accommodation request to HACSC for an additional bedroom after July 1, 2013, (2) had a documented and undisputed need for a separate bedroom, (3) were denied a disability-related increase in the number of bedrooms by HACSC, (4) were not previously granted a permanent reasonable accommodation request, (5) did not request the additional bedroom for a live-in caregiver or for storage of medical equipment, and (6) have at least one family member who is not disabled.

4.   NOTICE TO CLASS: The Class Notice was distributed to Class Members in conformance with the Court's order granting preliminary approval of the class action settlement. ECF No. 149. The Class Notice included notice of Class Counsel's motion for attorney's fees and costs in time for objections to the motion to be filed, in accordance with Rule 23(h)(2).

5.   OBJECTIONS: Class Members were provided with a full and fair opportunity to object to the Agreement and Plaintiff's Motion for Attorney's Fees and Costs. According to the Notice approved by the Court and mailed to class members, the deadline for submitting objections to the settlement was March 2, 2017. *See* ECF No. 156.

The Court received 6 objection forms. Four of the objection forms did not contain any objections to the settlement. The first two objection forms were filed by Mr. Giao Tan Nguyen. One of these forms was blank, and the other stated that Mr. Nguyen was happy to receive the form.

The third objection form was filed by Ms. Michie Jackson. This form contained no

3
Case No. 14-CV-02367-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1  objection to the settlement, but instead only described Ms. Jackson's family member's medical

2  diagnosis. Although Ms. Jackson did not object to the settlement, the Court notes that under the

3  settlement agreement Ms. Jackson will receive $4,710, representing 100% of her actual damages

4  as calculated by Plaintiffs' expert.

5        The fourth objection form was filed by Ms. Laura Hardin. This objection form was

6  untimely and contained no objection to the settlement. Instead, the form only described Ms.

7  Hardin's experience of being forced to downsize to a smaller apartment. Although Ms. Hardin did

8  not object to the settlement, the Court notes that under the settlement agreement Ms. Hardin will

9  receive the maximum individual recovery of $25,406 in actual damages, representing 100% of her

10  actual damages as calculated by Plaintiffs' expert, as well as emotional distress damages in an

11  amount to be determined.

12        The fifth objection form was filed by Mr. Percy L. Bates. This form contained no objection

13  to the settlement, but instead stated that Mr. Bates had been forced to sleep in the living room or

14  pay for an additional room to allow his opposite-gender teenage children to have their own rooms.

15  Although Mr. Bates did not object to the settlement, the Court notes that under the settlement

16  agreement Mr. Bates will receive $21,248, representing 100% of his actual damages as calculated

17  by Plaintiffs' expert.

18        The only form that contained an objection was filed by Mr. David Parrott. Mr. Parrott

19  stated that he and his family were homeless for eight months because of HACSC's refusal. Mr.

20  Parrott objects that the settlement "do[es] not take in[to account] d[ue] to the discrimination I

21  received." However, under the settlement Mr. Parrott will receive $5,358 in actual damages, which

22  represents 100% of his actual damages as calculated by Plaintiffs' expert. Additionally, Mr.

23  Parrott has filed an emotional distress claim form based on his homelessness and therefore will

24  receive emotional distress damages.

25        Mr. Parrott fails to take into account that if the case had proceeded to trial, the Court might

26  not have awarded emotional distress damages, whereas the settlement provides for $695,560 in

27  emotional distress damages for class members like himself who experienced homelessness. Under

28

4

Case No. 14-CV-02367-LHK
ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

the terms of the settlement, class members will receive 100% of their actual damages as calculated by Plaintiffs' expert, as well as a total of $695,560 in emotional distress damages. Thus, even if Plaintiffs had proceeded to trial, it is unlikely that they would have secured a better recovery than the recovery provided by the settlement. Therefore, the Court finds that even taking into account the objection forms filed by class members, Final Approval is warranted.

6. EXCLUSIONS: After the Court granted Plaintiffs' motion for class certification, Class Members were given an opportunity to exclude themselves from the class. At that time, three class members requested exclusion from the class. After the Court granted Plaintiffs' motion for preliminary approval of class action settlement, Class Members were provided the opportunity to request exclusion from the settlement. The Court received no requests for exclusion from the settlement.

8. CLASS REPRESENTATIVE: On November 12, 2015, the Court held that the named Plaintiffs adequately represented the interests of the Class and appointed the named Plaintiffs as Class Representatives. ECF No. 67, at 23.

9. SETTLEMENT ADMINISTRATOR: In the order granting preliminary approval, the Court approved KCC Class Action Services, LLC (KCC), to act as the Settlement Administrator and carry out the responsibilities assigned to it under the Agreement. The Court orders that $16,576 from the settlement fund shall be used to pay KCC for fees and costs associated with KCC's service as Settlement Administrator.

Accordingly, the Court GRANTS Plaintiffs' motion for final approval of class action settlement.

**IT IS SO ORDERED.**

Dated: March 16, 2017

_____
LUCY H. KOH
United States District Judge